THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL MATAMOROS, Appellant. [921 NYS2d 558]—

Appeal by the defendant from (1) a judgment of the County Court, Westchester County (Cacace, J.), rendered November 17, 2008, convicting him of assault in the second degree, under superior court information No. 08-1004, upon his plea of guilty, and imposing sentence, (2) an amended judgment of the same court, also rendered November 17, 2008, revoking a sentence of probation previously imposed by the same court, upon his admission that he had violated a condition thereof, and imposing a sentence of imprisonment upon his previous conviction of attempted robbery in the second degree under superior court information No. 08-0051, and (3) an amended judgment of the same court, also rendered November 17, 2008, revoking a sentence of probation previously imposed by the same court, upon his admission that he had violated a condition thereof, and imposing a sentence of imprisonment upon his previous convic-

tion of attempted robbery in the second degree under superior court information No. 08-0052.

Ordered that the judgment and the amended judgments are affirmed.

There is no evidence in the record to support the defendant's contention that the sentencing court and his counsel incorrectly believed that the imposition of consecutive sentences was mandatory. In any event, the defendant agreed to the imposition of consecutive sentences as part of his plea agreements. Under the circumstances, the defendant failed to show that he was deprived of the effective assistance of counsel for his counsel's failure to request that the sentencing court impose concurrent sentences (*see People v Caban*, 5 NY3d 143 [2005]). Indeed, there can be no denial of effective assistance of counsel arising from a counsel's failure to "make a motion or argument that has little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287 [2004]).

The sentences imposed were not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Florio, Leventhal, Belen and Cohen, JJ., concur.